1898, c. 541, § 68, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450). While the note was not due at the time it was surrendered, it became due the latter part of March, 1907, and the petition in bankruptcy was not filed until April, so that at the time of the transfer of the assets to the trustee in bankruptcy both claims were due, and the defendant's claim would constitute a legal offset. Even if defendant's claim had not been due at the time of the acquiring of the title by the trustee in bankruptcy, it would nevertheless have constituted an equitable offset against plaintiff's claim. Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Richards v. La Tourette, 119 N. Y. 54, 58, 23 N. E. 531. It would seem, then, to follow as a necessary corollary to this proposition that, if the defendant had a lawful offset to plaintiff's claim, the surrender of the note could not have been an unlawful preference to her as a creditor or a debtor, and could not have been in fraud of other creditors.

These conclusions render unnecessary the consideration of the appellant's claim that illegal evidence was introduced by the plaintiff in the form of schedules in bankruptcy and the evidence of William H. Nichols in the bankruptcy proceeding. As to this defendant this evidence would seem to have been hearsay, as declarations of parties out of court, as to which the right of cross-examination has never been hers.

The judgment should, therefore, be reversed upon the law and fact, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except SEWELL, J., not voting; KELLOGG, J., concurring in result only.

---

### HEIDGERD v. CUNNINGHAM et al.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 439*)—FORECLOSURE—PARTIES—ADMINISTRATOR OF DECEASED MORTGAGOR.

Where a mortgagor died intestate, her heirs were the only necessary parties to a foreclosure proceeding, to convey a valid title to the purchaser. The mortgagor's administrator, having no interest in the land as representative of the creditors, was not a necessary party, except for the purpose of collecting a deficiency judgment from the mortgagor's personal estate in due process of administration, as authorized by Code Civ. Proc. § 1627.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 439.*]

2. MORTGAGES (§ 427*)—FORECLOSURE—PARTIES—MORTGAGOR.

A mortgagor of real estate, who has parted with his title, is not a necessary party to foreclosure proceedings.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1269, 1272–1287; Dec. Dig. § 427.*]

3. DESCENT AND DISTRIBUTION (§ 134*)—DESCENT OF REAL PROPERTY—DEBTS—RIGHTS OF CREDITORS—LIEN.

The right of creditors of a mortgagor, dying without sufficient personal assets to pay his debts, to have the real property sold for that purpose

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

within three years after administration, as authorized by Code Civ. Proc. §§ 2749, 2750, is a mere statutory power, and not a lien on the land; the heirs, to whom the title passes on the death of the mortgagor, being entitled to convey the property within the three years to a bona fide purchaser, who, if he takes without notice of a deficiency of assets to pay the debts, acquires title free from the creditor's right of sale, 'as provided by section 1853.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 490, 491; Dec. Dig. § 134.*]

Appeal from Special Term, New York County.

Action by Anna M. W. Heidgerd against James A. Cunningham and others. From an order denying plaintiff's application to compel defendant Cunningham, to complete his purchase of property at a mortgage foreclosure sale, she appeals. Reversed.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Ferdinand W. Keller, for appellant.
Morris H. Hayman, for respondent.

HOUGHTON, J. In August, 1907, one Augusta Reiss died intestate, seised of certain real property upon which she had given a mortgage in her lifetime, and in the September following an administrator of her estate was duly appointed. Default having been made on the mortgage, a foreclosure action was thereafter begun, and on June 30, 1909, the mortgaged premises were sold pursuant to the judgment of foreclosure and sale. The heirs at law of the mortgagor were made parties to the action of foreclosure, but the administrator of the deceased mortgagor was not, and the purchaser refused to complete his purchase, on the ground that, three years not having elapsed since the death of the owner of the equity, the title was defective, because such administrator was not made a party defendant, so as to cut off whatever interest he had in the property and the lien of the general creditors of the mortgagor, of which there were several, with deficiency of personal assets to satisfy them. A motion was made to compel him to complete his purchase, and the learned Special Term denied it, holding that his contention was correct.

We think this was erroneous. When Augusta Reiss died intestate, the real property, subject to the existing mortgage, passed to her heirs, and they thereafter held as owners. These heirs having been made parties to the foreclosure action, their interest in the property was cut off, and their interest was the only one necessary to make good title. An administrator, as such, has no interest in the land of his intestate; nor does he represent the general creditors of his intestate, in any such sense as makes him a necessary party to a foreclosure action, even where there is a deficiency of personalty to pay debts. An administrator is the person through whom any deficiency on the bond and mortgage debt may be collected, and he may be made a party defendant, and adjudged to pay, through his administration of the estate, any deficiency which may arise, if the plaintiff sees fit to so demand. Code Civ. Proc. § 1627; Glacius v. Fogel, 88 N. Y. 434. But

it is not incumbent upon the holder of the mortgage to make this demand, for the only necessary parties defendant to a foreclosure action are the persons having title to the premises covered by the mortgage and those who have acquired liens subsequent to the mortgage. Emigrant Industrial Savings Bank v. Goldman, 75 N. Y. 127. Of course, if the mortgagor still retains title, he is a necessary party, because he is the owner of the land; but he is not a necessary party, if he has parted with his title. Van Nest v. Latson, 19 Barb. 604.

Nor do the general creditors of a mortgagor, who has died leaving insufficient personal assets to pay his debts, have any such lien as makes them necessary parties to a foreclosure action. It has long been the statutory law, now embodied in sections 2749 and 2750 of the Code of Civil Procedure, that at any time within three years after letters were first duly granted within the state any representative or creditor of a deceased person, upon showing insufficiency of personal assets, might apply in the prescribed manner for the sale of the decedent's real estate for the payment of his debts. The law giving this privilege does not state that the creditor has a lien on such real property, general or specific. On the death of the owner of real property, title passes either to his devisees or to his heirs. They can convey it, even within the three years, and a bona fide purchaser, who has no notice of deficiency of personal assets to pay debts, takes good title. Code Civ. Proc. § 1853; Cunningham v. Parker, 146 N. Y. 29, 40 N. E. 635, 48 Am. St. Rep. 765.

Whatever confusion exists as to this right of a creditor to be paid through sale of a decedent's real estate during the period of three years after letters are issued arises from calling it a lien. It is not a lien in the sense in which that term is ordinarily used. It has been termed a "kind of statutory lien" (Platt v. Platt, 105 N. Y. 488, 497, 12 N. E. 22, 25); but a better definition is that it is a "statutory power," which may be exercised against real property of a decedent on showing deficiency of personal assets (Matthews v. Matthews, 1 Edw. Ch. 565, 569). This power must be exercised by the creditor, or in his behalf by the personal representative of the decedent, in the manner prescribed by law, and may only be exercised within the prescribed time after letters testamentary or of administration have been duly issued; but the existence of this power does not make the general creditors lienors, or render them or the representatives of the decedent necessary parties to the foreclosure of a mortgage existing at the time of the death of the owner of the land. Gardner v. Lansing, 28 Hun, 413. The sale of a decedent's real estate for the purpose of paying his debts in Surrogate's Court is regulated by title 5 of chapter 18 of the Code of Civil Procedure; and section 2798, which is embraced in that title, recognizes in effect that general creditors have no general lien on such real property, for it expressly provides that on foreclosure of a mortgage thereon the surplus arising from the sale shall be paid into the Surrogate's Court from which letters were issued, to be distributed among the creditors in the manner thereafter prescribed. If there were any general lien, such distribution would be made through the court in which the foreclosure action was brought.

In Moser v. Cochrane, 107 N. Y. 35, 13 N. E. 442, upon which the

respondent relies, the purchaser brought action to recover back her deposit made on a contract of purchase with the heir within three years of the death of his ancestor. The court held that, even in such case, the purchaser could not be relieved of her contract, where it was shown there was no deficiency of personalty to pay debts. That case is not an authority for saying that the administrator or the general creditors are necessary parties to a foreclosure by action of a mortgage existing at the death of the mortgagor, even where there is insufficient personalty to pay debts. It was not necessary that the administrator of the deceased mortgagor, or her general creditors, should be made parties defendant to the plaintiff's action of foreclosure; and, the objection that they were not parties being the only one made by the purchaser against fulfilling his bid, it follows that the plaintiff's motion should have been granted, instead of being denied.

The order appealed from is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.