FEDERAL DEPOSIT INSURANCE
CORPORATION, Plaintiff,

v.

HUNTINGTON TOWERS, LTD., Levitt
Brothers Glass & Store/Fronts, Inc.,
Roof Deck, Inc., Charles Franzese Con-
struction Co., Inc., Action Steel Erec-
tors, Inc., Solar Finance Co., Wm. A.
White & Sons, Harold Kirchblum, Mod-
ernfold Doors, Inc., People of the State
of New York, Town of Huntington, Ar-
chitectural Signing, Inc., Capitol Steel
Corporation, Ikenson Iron Works Inc.,
Armor Elevator Company, Inc., Richard
Carey, Ronnie Carey, Roslyn Plaza, Ltd.,
Willow Crest Estates, Inc. and Hilldale
Estates, Inc., Defendants.

No. 77 C 513.

United States District Court,
E. D. New York.

Dec. 29, 1977.

Hughes, Hubbard & Reed, New York City, for plaintiff.

Donald E. Skeil, New York City, for defendants Huntington Towers, Ltd., Richard and Ronnie Carey, Roslyn Plaza, Ltd., Willow Crest Estates and Hilldale Estates.

Robert A. Brady, Port Washington, N. Y., Ronald Glickman, Huntington, N. Y., Louis J. Lefkowitz, Atty. Gen., New York City, for defendants Ikenson Iron Works. Inc., Town of Huntington and People of State of N. Y.

Carl N. Mione, P. C., Brooklyn, N. Y., Parmet & Parmet, Jericho, N. Y., Salamon, Salamon & Gruber, Great Neck, N. Y., for defendants Roof Deck Inc., Levitt Bros. Glass & Store/Fronts, Inc. and Charles Franzese Const. Co., Inc.

Tenzer, Greenblott, Fallon & Kaplan, New York City, Reilly, Like & Schneider, Babylon, N. Y., Kaufman, Taylor, Kimmel & Miller, New York City, for defendants Capitol Steel Corp., Action Steel Erectors, Inc. and Armor Elevator Co., Inc.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff, Federal Deposit Insurance Company (FDIC), in this action, asserts four causes of action against the named defendants: the first to foreclose the mort-

gages on certain real estate located in Huntington, New York, and, if the mortgage debt remains unsatisfied after the property is sold, to secure a judgment in such unsatisfied amount; the second to recover money lent to defendant Huntington Towers, Ltd. on an unsecured basis; the third to recover payment from defendant Huntington Towers, Ltd. on ten promissory notes, less the amount owed on the mortgages as discussed above; and the fourth to enforce against defendants Richard and Ronnie Carey, Roslyn Plaza, Ltd., Willow Crest Estates, Inc. and Hilldale Estates, Inc., the guarantees executed by them with respect to debt of defendant Huntington Towers Ltd.

Defendants move for an order dismissing the complaint on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction over defendants Richard and Ronnie Carey; (3) failure to join necessary parties; (4) improper joinder of the mortgage foreclosure and the actions on the debt claims; (5) failure to particularize the allegations made in the complaint; (6) failure to state a claim upon which relief can be granted; and (7) for improper venue.

I

As to the issue of this Court's subject matter jurisdiction, FDIC asserts that this Court does have such jurisdiction in this action pursuant to 12 U.S.C. § 1819 and 28 U.S.C. §§ 1331(a), 1345 and 1348.

■ Section 1819 of Title 12 of the United States Code provides in pertinent part as follows:

"Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil

nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, *and the United States district courts shall have original jurisdiction thereof*, without regard to the amount in controversy; * * * except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States." (Emphasis added)

Since FDIC alleges that it brought suit in its corporate capacity,[1] Section 1819 is properly relied upon to give this Court subject matter jurisdiction. Even if FDIC had initiated this action as receiver of the Franklin National Bank, the last clause of the statute set forth above would not deny this Court subject matter jurisdiction. The exception is expressly limited to suits in which FDIC acts as receiver of a state bank, and would not apply here, where FDIC would be bringing suit as receiver of a national bank. Furthermore, 12 U.S.C. § 1819, read together with 28 U.S.C. § 1331(a), creates an additional basis for this Court's subject matter jurisdiction. Section 1331(a) provides that district courts shall have jurisdiction over an action which "arises under the Constitution, laws, or treaties of the United States" where the amount in controversy exceeds $10,000. As Section 1819 deems actions involving FDIC to "arise under the laws of the United States," and this suit involves considerably more than $10,000, the two requirements of 28 U.S.C. § 1331(a) are satisfied so as to give this Court an additional basis for subject matter jurisdiction.[2]

---

1. Defendants make inconsistent assertions regarding the capacity in which FDIC has brought this suit, *compare* Defendants' Memorandum of Law at 7, 10–11 (the FDIC is not suing as the receiver of FNB) *with* Defendants' Memorandum of Law at 8 (suggesting that what the FDIC attempts to do in this action represents the act of a receiver). Plaintiff's complaint, however, clearly indicates that it

brings this action in its corporate capacity pursuant to the transaction of October 8, 1974.

2. FDIC also asserts that this court's subject matter jurisdiction is based on 28 U.S.C. §§ 1345 (granting original jurisdiction to district courts in actions commenced by any agency of the United States expressly authorized to sue by Act of Congress) and 1348 (granting jurisdiction over any civil action to wind up the

In reaching this conclusion, this Court is unpersuaded by defendants' argument that these statutes are unconstitutionally broad in their grant of jurisdiction to the federal courts. While, as defendants argue, mortgage foreclosure proceedings are normally within the province of state courts, such proceedings can also be constitutionally entertained by federal courts in diversity actions, as well as in the instant context. Furthermore, Congress acted well within its authority pursuant to the commerce clause of the Constitution in creating the FDIC and Section 1819 is likewise a concomitant constitutional congressional enactment.

## II

As to the question of this Court's *in personam* jurisdiction, defendants Richard and Ronnie Carey argue that the Court lacks such jurisdiction over them because they were served outside New York.

However, as FDIC properly argues, Federal Rule of Civil Procedure (FRCP) 4(e) authorizes service outside the state in which the court is located if a statute of that state provides for service on a party "not an inhabitant of or found within the state." In this regard, New York Civil Practice Law and Rules (CPLR) §§ 302 and 313 provide for such out-of-state service of process in certain instances. Hence, if CPLR §§ 302 and 313 are applicable, FRCP 4(e) gives this Court *in personam* jurisdiction over the Careys.

Section 313 authorizes service without the state of persons (1) domiciled in New York; or (2) subject to the jurisdiction of New York State courts pursuant to CPLR § 302. FDIC first alleges that defendants Richard and Ronnie Carey remain

New York domiciliaries although they presently reside in Florida (Plaintiff's Memorandum of Law at 15). If this is true, then clearly, service outside the state pursuant to CPLR § 313 may be relied upon to confer *in personam* jurisdiction. The Court need not make this determination however since *in personam* jurisdiction exists nevertheless by virtue of CPLR § 302 which authorizes New York State courts to exercise personal jurisdiction over a non-domiciliary who transacts any business within the state. Defendants' execution of the guarantee in New York constitutes a transaction of business within the meaning of CPLR § 302. *See United Artists Theatre Circuit, Inc. v. Nationwide Theatres Investment Co.*, 269 F.Supp. 1020, 1021 & n. 1 (S.D.N.Y.1967) and *Hi Fashion Wigs, Inc. v. Peter Hammond Advertising, Inc.*, 32 N.Y.2d 583, 587, 347 N.Y.S.2d 47, 300 N.E.2d 421 (1973). Consequently, defendants Richard and Ronnie Carey are subject to *in personam* jurisdiction in New York State courts pursuant to CPLR § 302. As CPLR § 313 authorizes out-of-state service of process upon persons subject to personal jurisdiction under § 302, service in Florida successfully conferred upon this Court *in personam* jurisdiction over the Careys pursuant to FRCP 4(e).[3]

## III

As to the issue of non-joinder of necessary parties, defendants further allege that the complaint should be dismissed for failure to join three "necessary" parties: the receiver, as assignor of the mortgages and debts in issue, and the two prior owners of the property being foreclosed.

An assignor who has assigned all right and interest to another need not be joined in an action involving the property

---

affairs of a national banking association). As this court has determined that jurisdiction exists, pursuant to 12 U.S.C. § 1819 alone or in conjunction with 28 U.S.C. § 1331(a), it is unnecessary to decide whether 28 U.S.C. § 1345 and/or § 1348 provide additional bases of jurisdiction. This court does no more than note that the arguments made by FDIC on this point are persuasive.

**3.** As noted by FDIC, defendants' contention that CPLR § 314 limits this court to *in rem* jurisdiction over the Careys is without merit. Although there is a mortgage foreclosure claim asserted in this action, the claims against defendants Richard and Ronnie Carey are based on the guarantees they executed, and not the mortgage itself, and therefore provide the basis for *in personam* jurisdiction.

assigned because complete relief can be accorded in his absence and, furthermore, he has no interest to protect. *See generally* 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1613, at 128–29 (1972) (suggesting that not only is an assignor's presence unnecessary for a just adjudication of a suit brought by the assignee, but that the assignor would not even be a proper party). As the receiver transferred all right, title and interest in the mortgages and debts to FDIC in its corporate capacity [4] (Plaintiff's Complaint at ¶ 3), it is not a necessary party to this action.

Similarly, a mortgagor who has parted with all interest in and title to real property is not a necessary party to a foreclosure proceeding. *Heidgerd v. Reis*, 135 App.Div. 414, 416, 119 N.Y.S. 921, 923 (1st Dept. 1909). As plaintiff's complaint alleges that Huntington Towers Ltd. is the present owner of the property and defendant has made no allegation that the two prior owners have retained any interest in or title to the property being foreclosed, they are not necessary parties to this foreclosure action.

### IV

As to the issue of improper joinder of claims, defendants assert that New York Real Property and Proceedings Law (RPAPL) § 1301(3) bars "the simultaneous suit on the indebtedness and to foreclose" (Defendants' Memorandum of Law at 3). However, as FDIC properly argues, this action is governed by the Federal Rules of Civil Procedure, which permit joinder of as many claims as a party has against the opposing party, *see* Federal Rule of Civil Procedure 18(a) and *Har-Pen Truck Lines,*

*Inc. v. Mills,* 378 F.2d 705, 708–09 (5th Cir. 1967).

In *Har-Pen*, the Fifth Circuit noted, in response to a similar claim that a more restrictive state rule on joinder of parties should govern over FRCP 20(a), that:

". . . We have held that the question of which claims may be joined in a civil action is a federal one, to be governed by the Federal Rules. . . .

\* \* \* \* \* \*

"The Rules allow joinder in such a case as the present; indeed in order to prevent costly, slow multiplicitous litigation . . . they demand it. . . . Against such powers and policies, the state restriction on joinder cannot stand."

*Id.* at 708–09. In this case, the Federal Rules do not prohibit joinder of claims to foreclose mortgages with claims to recover unsecured debts and to enforce guarantees of such unsecured debt. Hence, the joinder of claims in this action is entirely proper.[5]

### V

As to plaintiff's purported failure to particularize allegations made in the complaint, defendants seek dismissal because FDIC's failure to annex to the complaint the assignments of mortgages and notes makes it "difficult" to answer. Some years ago the Federal Rules of Civil Procedure, however, adopted the practice of notice pleading, thereby making it unnecessary to plead detailed evidence. *See* FRCP 8(a). In any event, federal courts do not favor dismissal as the proper remedy for pleading errors. *See Nagler v. Admiral Corporation,* 248 F.2d 319, 322 (2d Cir. 1957). Defendants will have ample oppor-

---

4. While the receiver did retain a contingent reversionary interest in the assets transferred to the FDIC to the extent of all proceeds collected in excess of Franklin National Bank's obligation to the Federal Reserve Banks, *see In re Franklin National Bank,* 381 F.Supp. 1390, 1391–92 (E.D.N.Y.1974), the contingency has not yet, and may well never, occur. This Court feels that FDIC adequately represents this contingent interest of the receiver's such that the latter is not, on this account, a "necessary" party.

5. As FDIC observes, even were RPAPL § 1301 the governing law, joinder of the claims in the instant action would still be proper. The claims against the guarantors and for relief on unsecured debt are based upon an unsecured debt which is distinct from the debt secured by the mortgages. Defendants have not shown that either Section 1301 itself or judicial constructions thereof bar joinder of claims based on different debts.

tunity pursuant to the rules governing pretrial discovery to obtain such particularization as is necessary well in advance of trial.

### VI and VII

Finally, it may be noted that defendants do not in their papers seriously press their claims of failure to state a claim and improper venue. Accordingly, this Court does no more than note that the same appear to be without merit.

For the abovestated reasons, the defendants' motion to dismiss the complaint must be, and the same hereby is, denied.

SO ORDERED.