◼ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant, v THOMAS J. CONNELLY, Respondent, et al., Defendants. — In an action to foreclose a mortgage, plaintiff appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated November 24, 1980, which denied its motion, *inter alia*, for summary judgment. Order reversed, on the law, without costs or disbursements, and motion granted. Defendant Connelly opposed plaintiff's motion, *inter alia*, for summary judgment solely on the ground that plaintiff had not served the parties who executed the bond and mortgage sought to be foreclosed. Plaintiff had, however, indicated that Connelly is their successor in interest and that it is waiving its rights against the mortgagors on their bond by electing to foreclose without their appearance or service upon them (see RPAPL 1301, subd 3; 1371, subds 1, 2, 3). The rule is that a mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises, including his equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought on his bond (see *Heidgerd v Reis*, 135 App Div 414, 416; *Mutual Life Ins. Co. of N.Y. v Ninety-Fifth St. & Lexington Ave. Corp.*, 60 NYS2d 450; *Drury v Clark*, 16 How Prac 424, 431-432; *Bigelow v Bush*, 6 Paige Ch 343, 345-346; Wiltsie, Real Property Mortgage Foreclosure [5th ed], § 332). Although the affidavits submitted to Trial Term provided insufficient information about the interests conveyed by the mortgagors to Connelly, it appears from two recorded deeds that in January, 1972 the mortgagors duly conveyed all their interests in the subject premises to Connelly. Therefore, plaintiff is entitled to summary judgment against Connelly and discontinuance of the action against the mortgagors, with deletion of the mortgagors' names from the title of the action. Plaintiff also objects to Trial Term's decision insofar as it suggested that defendant Connelly's claim for a credit to his mortgage account be raised by way of a counterclaim or separate action. We do not read the decision, as plaintiff does, to mean that a Referee appointed in this action would be precluded from entertaining such claim; instead, we believe that the comment in the decision was directed at Connelly's improper and nonspecific claim, interposed in his affidavit opposing summary

judgment, against both plaintiff and plaintiff's servicing company or companies, who are not parties to this action. Therefore, plaintiff's motion ought to be granted, and defendant Connelly may apply to have his claim considered by the court pursuant to RPAPL 1321 to the extent it relates to the amount due on the mortgage debt. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.