■ EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Respondent, v SUBURBAN MEDICAL ASSOCIATES et al., Defendants, and WESTINGHOUSE CREDIT CORPORATION, Appellant. — In an action to foreclose a consolidated first mortgage on real property, defendant Westinghouse Credit Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered August 15, 1983, as denied its cross motion for summary judgment dismissing the complaint against it and for an order discontinuing, upon the dismissal of the complaint, its first counterclaim pursuant to CPLR 3217 (subd [b]).

Order affirmed insofar as appealed from, with costs, and defendant Westinghouse Credit Corporation is granted leave to move to unconditionally discontinue its first counterclaim with prejudice if so advised.

Plaintiff Equitable Life Insurance Company of Iowa commenced this mortgage foreclosure action against the owner of certain premises located in Westchester County. As the first mortgagee of the property, Equitable named Westinghouse Credit Corporation, the second mortgagee, as a party defendant in the action due to the latter's status as a junior lienor. Westinghouse then interposed a first counterclaim for fraud and a second counterclaim for waste against Equitable. The second counterclaim was dismissed on plaintiff's motion. By notice of cross motion dated March 9, 1983, Westinghouse cross-moved for summary judgment, dismissing the complaint against it on the ground that, subsequent to the commencement of this action, it had assigned its entire interest in the second mortgage to codefendant First Southwest Corporation, the holder of a third mortgage on the subject premises. Westinghouse also sought an order discontinuing its first counterclaim with prejudice. However, the latter request was specifically conditioned upon dismissal of the complaint against it. In support of the cross motion, counsel for Westinghouse submitted an affirmation stating that an absolute assignment of the mortgage had been made and delivered to First Southwest Corporation on August 24, 1982. A copy of the acknowledged, but unrecorded, assignment was annexed to this affirmation. The cross motion, *inter alia,* for summary judgment was denied by Special Term and Westinghouse appeals.

Since Westinghouse, the second mortgagee, had a recorded interest in the subject premises when this foreclosure action was commenced, plaintiff properly joined Westinghouse as a necessary party defendant (see RPAPL 1311, subd 3). Upon searching the records to ascertain all parties with a recorded interest in the premises, plaintiff had no further obligation to discover if there were any assignments after the action was commenced. Since this action was properly commenced against Westinghouse, said defendant has no right to insist on being removed on the ground it had subsequently assigned its entire interest in the second mortgage to codefendant First Southwest Corporation. The cases relied upon by Westinghouse for the rule that a mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises, including his equity of redemption, is not a necessary party in a foreclosure action, unless a deficiency judgment is sought on his bond, are distinguishable because the transfer of interest in each case occurred

*before* the lawsuit was commenced (cf. *Federal Nat. Mtge. Assn. v Connelly,* 84 AD2d 805; *Heidgerd v Reis,* 135 App Div 414, 416; *Mutual Life Ins. Co. v Ninety-Fifth St. & Lexington Ave. Corp.,* 60 NYS2d 450; *Drury v Clark,* 16 How Prac 424, 431-433; *Bigelow v Bush,* 6 Paige Ch 343, 345-356; cf. *Van Nest v Latson,* 19 Barb 604). *Schwartz v Putnam C. C.* (57 AD2d 614) is similarly distinguishable. In that case, the husband mortgagee was held not to be a necessary party plaintiff because he had transferred all his interest in the subject mortgage to his wife, the plaintiff, by an assignment, duly recorded, *prior* to commencement of the foreclosure action. If Westinghouse was removed at this stage of the foreclosure action, the purchaser at the foreclosure sale could not be assured of acquiring a title free and clear of all liens and encumbrances subordinate to the mortgage being foreclosed, which is the underlying purpose for the enactment of subdivision 3 of RPAPL 1311 (see *Seely's Son v Fulton-Edison,* 52 AD2d 575, 577).

Furthermore, as Westinghouse specifically conditioned its request for an order discontinuing its first counterclaim only upon the dismissal of the plaintiff's complaint against it, Special Term did not err in denying this branch of Westinghouse's cross motion. We note that a party cannot ordinarily be compelled to litigate and, absent special circumstances, a request for discontinuance should be granted (4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06; see CPLR 3217). Since a discontinuance of the first counterclaim will not prejudice any party, Westinghouse is granted leave to move for an order unconditionally discontinuing that counterclaim should it be so advised. Titone, J. P., Lazer, Rubin, Boyers and Eiber, JJ., concur.