■ JULIUS JOHNSON, Respondent, v EDITH D. GAUGHAN, Appellant, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, the defendant Edith D. Gaughan appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 17, 1985, which, *inter alia,* granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

A motion for summary judgment is to be determined upon the facts appearing in the record without regard to technical defects in the pleadings *(see, e.g., Gee v Gee,* 113 AD2d 736, 737; *Javits v Slatus,* 93 AD2d 830, 831). In reviewing such a motion, the court may properly "look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense" *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182; *see, Curry v Mackenzie,* 239 NY 267; *Rizzi v Sussman,* 9 AD2d 961; *Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 104 AD2d 258; *Adirondack Park Agency v Ton-Da-Lay Assocs.,* 61 AD2d 107, *appeal dismissed* 45 NY2d 834).

However, summary judgment was properly granted to the plaintiff mortgagee in this case, inasmuch as the appellant's opposing papers did not raise a meritorious defense to the

foreclosure action. It is well settled that " 'a mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part' " (Nassau Trust Co. v Montrose Concrete Prods. Corp., supra, at 183, quoting from Ferlazzo v Riley, 278 NY 289, 292). In the instant case, the appellant asserted in her papers in opposition to the motion that as the assignee of U.S. Antenna, Inc., to all of that corporations's claims against the plaintiff, she was entitled to recover certain sums from the plaintiff. These allegations, however, even if accepted as true, do not in any way affect the validity of the plaintiff's mortgage, and do not constitute a meritorious defense to the plaintiff's motion for summary judgment. At best, the appellant's allegations challenge only the amount of the mortgage debt, as her claims, if proved, might be offset against the amount due and owing to the plaintiff (see, e.g., Umansky v Seaboard Indus., 45 AD2d 1051; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805). The appellant may, therefore, if she be so advised, apply to the court to have her claims considered pursuant to RPAPL 1321, to the extent that they may relate to the amount due on the mortgage debt (see, Federal Natl. Mtge. Assn. v Connelly, supra). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.