In the Matter of Walter Marlin BROWN, Burdean Ruth Brown, Debtors.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,

v.

Walter Marlin BROWN, Burdean Ruth Brown, Defendants.

Bankruptcy No. 87–46–C.
Adv. No. 87–0096.

United States Bankruptcy Court, S.D. Iowa.

Sept. 25, 1987.

Marlyn S. Jensen, Osceola, Iowa, for debtors.

Elizabeth A. Nelson, Des Moines, Iowa, Chapter 12 Trustee.

Linda Reade, Asst. U.S. Atty., Des Moines, Iowa, for U.S.

David L. Davitt, Des Moines, Iowa, for FDIC.

## ORDER ON MOTION TO DISMISS

LEE M. JACKWIG, Bankruptcy Judge.

On August 18, 1987 a telephonic hearing on the defendants' (debtors') motion to dismiss and the plaintiff's (FDIC) resistance thereto in the above entitled cause was held before this court in Des Moines, Iowa. Marlyn S. Jensen appeared on behalf of the debtors and Burns H. Davidson, III appeared on behalf of FDIC. The matter was considered fully submitted on the authorities presented by the parties on August 18, 1987.

On January 8, 1987 the debtors filed a petition under Chapter 12 of the Bankruptcy Code. On May 22, 1987 the FDIC filed a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. section 523(a)(6). The FDIC states that it was appointed receiver of the insolvent Bedford National Bank (Bank) and that it purchased certain assets from the Bank in its corporate capacity pursuant to 12 U.S.C. section 1823(c)(2)(A). Among the assets purchased by the FDIC are notes and security agreements in favor of the Bank executed by the debtors. The FDIC contends that the debtors hid, sold, disposed of, destroyed or otherwise converted property subject to the Bank's liens and thereby wilfully and maliciously injured the FDIC.

On July 7, 1987 the debtors filed a motion to dismiss the action for want of subject matter jurisdiction and lack of capacity. The debtors contend that the FDIC is a mixed ownership corporation with less than one-half of its stock owned by the United States and thus fails to meet the jurisdictional requirements of 28 U.S.C. section 1349. The debtors further contend that the jurisdictional statutes:

are unconstitutionally void in that they violate provisions of Article I, Section 8

and more specifically they pretended to delegate to the Executive Branch governmental powers without adequate standards or "intelligible principles" to control the granting of such powers; or in the alternative they are an attempted and unconstitutional delegation and abdication of governmental sovereignty to private control.

In connection with the debtors' motion to dismiss the debtors propounded four special interrogatories to FDIC which provided:

INTERROGATORY NO. 1: Please set forth the state of origin or other origin of the Corporate Charter of Federal Deposit Insurance Corporation.

INTERROGATORY NO. 2: Please set forth whether or not Corporate Stock of Federal Deposit Insurance Corporation has been issued.

INTERROGATORY NO. 3: Please set forth the total number of shares issued, showing ownership of Federal Deposit Insurance Corporation, the percentage of ownership held by the U.S. Government and the percentage of ownership held by private investors.

INTERROGATORY NO. 4: Please set forth the public documents showing the location of the stock holder list of [sic] for Federal Deposit Insurance Corporation if it exists or in the alternative please set forth the procedures for these defendants to obtain access to such stock holder lists.

On July 22, 1987 the FDIC filed a motion for a protective order quashing the interrogatories submitted. The FDIC asserts that the interrogatories are satisfactorily addressed in the FDIC's resistance to motion to dismiss, that answers are available through reference to the FDIC enacting legislation and that the interrogatories would not lead to the discovery of any relevant or material evidence but were filed with the intent to harass. The FDIC's resistance to debtors' motion to dismiss states that the FDIC is a "mixed ownership corporation" but, as a practical matter, the FDIC is a wholly owned government agency because the enabling legislation does not

allow for and FDIC has not issued any stock. The FDIC further relies upon 12 U.S.C. section 1819 which explicitly gives the FDIC the power "to sue and be sued" in state or federal court.

■ In analyzing jurisdiction and capacity in this case, the appropriate starting point is 12 U.S.C. section 1819 which provides in pertinent part:

Upon the date of enactment of the Banking Act of 1933 ..., the Corporation [FDIC] shall become a body corporate and as such shall have power—

. . . .

Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States....

A review of the legislative history and structure of section 1819 reveals that section 1819 sets out a complete scheme for federal jurisdiction over cases in which the FDIC is a party. *Federal Deposit Ins. Corp. v. Sumner Fin. Corp.*, 602 F.2d 670, 677 (5th Cir.1979). *See also, In re F & T Contractors, Inc.*, 718 F.2d 171, 177 (6th Cir.1983); *Federal Deposit Ins. Corp. v. Ashly*, 585 F.2d 157, 159 (6th Cir.1978). The section should be read as a unified, integrated, self-contained whole. (*FDIC v. Sumner Fin. Corp.*, 602 F.2d at 677). The statute announces that every suit to which FDIC is a party arises under the laws of the United States and thus comes within the original jurisdiction of the district courts. The expansive grant of jurisdiction apparently evidences Congress' desire that

cases involving FDIC should generally be heard and decided by the federal courts. The one proviso—suits to which FDIC is a party in its capacity as receiver of a State Bank and which involve rights under state law—should be read as the only limitation on federal jurisdiction over cases to which FDIC is a party. *Id.* at 678. It follows then that federal jurisdiction cannot be predicated and the exception cannot be evaded on some other general jurisdictional grant. *Id.* at 677–678.

■ The debtors argument that the FDIC is not sufficiently government owned is premised on the jurisdictional grant (or more appropriately, limit) contained in 28 U.S.C. section 1349. Section 1349 provides:

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress unless the United States is the owner of more than one-half of its capital stock.

This section was passed in response to U.S. Supreme Court decisions which held that federal incorporation is in itself a ground for federal question jurisdiction. Thus *only* if the sole basis for jurisdiction is that a party is a corporation incorporated by Act of Congress must one half of the corporation's stock be government owned. Section 1349 does not preclude federal jurisdiction for a corporation with less than one-half government ownership where the basis for jurisdiction is entirely independent of the entity's federal incorporation. *Government National Mortgage Ass'n v. Terry,* 608 F.2d 614, 620 (5th Cir.1979).

■ Clearly, 12 U.S.C. section 1819 and 28 U.S.C. section 1334 (original jurisdiction for bankruptcy proceedings) give this court subject matter jurisdiction over the complaint to determine dischargeability. Neither of these statutes qualifies jurisdiction on a proprietary interest of a government.[1] Rather original subject matter jurisdiction is grounded in the statutory grant of power

to the FDIC to sue or be sued and also by virtue of the action arising out of a case under title 11. Accordingly, the debtors' argument that an alleged lack of proprietary interest of a government deprives this court of subject matter jurisdiction must fail.

■ The court assumes that the debtors' arguments as to the unconstitutionality of the jurisdictional grant are also premised on 28 U.S.C. section 1349. Since the court has found that jurisdiction is not based on section 1349 it need not address the debtors' allegations. The court cannot ascertain whether the debtors are challenging the constitutionality of the creation of the FDIC or the powers enumerated in 12 U.S.C. section 1819. There can be no doubt, however, that the creation of the FDIC and the enactment of section 1819 were well within the constitutional power of Congress. *Weir v. United States,* 92 F.2d 634, 636–37 (7th Cir.1937); *Federal Deposit Ins. Corp. v. Huntington Towers, Ltd.,* 443 F.Supp. 316, 319 (E.D.N.Y.1977). Moreover, the debtors' concerns regarding a "pervasive involvement of PRIVATE individuals" appear to have no relevance to the issue of jurisdiction or capacity. The FDIC's capacity and this court's jurisdiction over the matter are not premised upon the ratio of private to government control of the FDIC.

WHEREFORE, based on the foregoing analysis, the court finds that it has subject matter jurisdiction over this matter and that the FDIC has capacity to sue in its corporate capacity. Accordingly, the auxiliary interrogatories are irrelevant.

THEREFORE, the debtors' motion to dismiss is hereby denied.

IT IS FURTHER ORDERED that the auxiliary interrogatories propounded upon the FDIC by the debtors be quashed.

---

1. The parties' reference to *Rauscher Pierce Refsnes, Inc. v. FDIC,* 789 F.2d 313 (5th Cir.1986) does not alter this conclusion. In that case the court looked to 28 U.S.C. section 451 to determine whether the FDIC was an "agency of the United States" for purposes of Fed.R.Civ.P. 12(a) which allows such agencies 60 days to file an answer.