■ CHESED AURHOM HACOHN, as Assignee of Gateway State Bank, Appellant, v F.D.M.B., INC., Respondent and Third-Party Plaintiff, and STATE OF NEW YORK et al., Respondents. A. ROMI COHN et al., Third-Party Defendants-Respondents. (Action No. 1.) CHESED AURHOM HACOHN, as Assignee of Gateway State Bank, Appellant, v F.D.M.B., INC., Respondent and Third-Party Plaintiff, and STATE OF NEW YORK et al., Respondents. A. ROMI COHN et al., Third-Party Defendants-Respondents. (Action No. 2.) CHESED AURHOM HACOHN, as Assignee of Gateway State Bank, Appellant, v PALMIERI BROTHERS, INC., Respondent and Third-Party Plaintiff, and STATE OF NEW YORK et al., Respondents. A. ROMI COHN et al., Third-Party Defendants-Respondents. (Action No. 3.) CHESED AURHOM HACOHN, as Assignee of Gateway State Bank, Appellant, v PALMIERI BROTHERS, INC., Respondent and Third-Party Plaintiff, and STATE OF NEW YORK et al., Respondents. A. ROMI COHN et al., Third-Party Defendants-Respondents. (Action No. 4.)—In four related mortgage foreclosure actions, the plaintiff appeals from so much of four orders of the Supreme Court, Richmond County (Leone, J.), each dated October 22, 1987, as denied those branches of its motions which were for summary judgment in its favor on its complaints and dismissing the third-party complaints.

Ordered that the orders are reversed insofar as appealed from, on the law, with separate bills of costs, those branches of the plaintiff's motions which were for summary judgment in its favor on its complaints and dismissing the third-party complaints are granted, and the matters are remitted to the Supreme Court, Richmond County, for the entry of appropriate judgments.

The issues presented in these four separate actions to foreclose mortgages are substantially similar. The mortgagors concede that they failed to make interest payments on all four mortgages as of August 1, 1986, but claim that they were excused from making the payments because the plaintiff mortgagee breached its obligation to release a portion of the mortgaged properties from the mortgage obligation. The Supreme Court denied those branches of the plaintiff's motions which were for summary judgment on the ground that triable issues of fact existed as to whether the mortgagors were entitled to the releases.

The release provisions contained in all four mortgages impose express conditions on the plaintiff's obligation to execute releases. Two of those conditions require the submission of an approved plot plan by the mortgagors and the payment of all real estate taxes. A review of the evidentiary proof submitted indicates unequivocally that neither of these conditions was satisfied. Thus, since the plaintiff mortgagee was not obligated to execute the releases sought, the mortgagors do not have a meritorious defense to their default on the mortgages *(see, Johnson v Gaughan,* 128 AD2d 756; *East N. Y. Sav. Bank v Carlinde Realty Corp.,* 54 AD2d 574). Accordingly, the plaintiff is entitled to summary judgment in its favor on its complaints *(see, Johnson v Gaughan,* 128 AD2d 756, *supra; cf., Geary v Dade Dev. Corp.,* 29 NY2d 457). Further, the third-party complaints against the original mortgagees, which also assert that the obligation to release a portion of the mortgaged premises from the mortgage obligation was breached, must be dismissed. Bracken, J. P., Kunzeman, Balletta and Rosenblatt, JJ., concur.