Federal Natl. Mtge. Assn. v Home & Prop. Works, LLC (2021 NY Slip Op 01031)





Federal Natl. Mtge. Assn. v Home & Prop. Works, LLC


2021 NY Slip Op 01031


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-04377
 (Index No. 22652/09)

[*1]Federal National Mortgage Association, respondent,
v
Home & Property Works, LLC, defendant-appellant, et al., defendants; Estate of Armando G. Blasse, Sr., proposed intervenor-appellant.


Schwartz Law Group, P.C., Bethpage, NY (Kenneth B. Schwartz of counsel), for defendant-appellant and proposed intervenor-appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Thomas De Bow of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Home & Property Works, LLC, and the proposed intervenor Estate of Armando G. Blasse, Sr., appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 28, 2019. The judgment of foreclosure and sale, upon an order of the same court dated June 1, 2018, denying the cross motion of the defendant Home & Property Works, LLC, and the proposed intervenor Estate of Armando G. Blasse, Sr., for leave for the Estate of Armando G. Blasse, Sr., to intervene, confirmed a referee's report and directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the referee's report is rejected, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In a note dated June 12, 2008, nonparty Armando G. Blasse, Sr., borrowed $432,000 from the plaintiff's predecessor in interest, HSBC Mortgage Corporation (hereinafter HSBC), secured by a mortgage on real property in Brooklyn. On July 16, 2008, Blasse deeded the subject property to the defendant Home & Property Works, LLC (hereinafter H & P). Blasse died on February 15, 2009.
In 2009, HSBC commenced the instant foreclosure action against H & P and Blasse, among others. In an order dated June 1, 2011, the Supreme Court denied HSBC's motion for an order of reference, because the proposed order of reference sought to remove Blasse from the caption on the ground that he was no longer a necessary party to the action. The court held, "it is the Court's determination that the Estate of Armondo G. Blasse, Sr. is in fact, a necessary party to this action."
In 2017, HSBC moved to restore the action to the trial calendar, and to amend the caption to substitute the plaintiff, Federal National Mortgage Association—HSBC's successor in interest—as plaintiff, and to remove Blasse from the caption. That motion was granted in an order dated September 6, 2017.
On October 23, 2017, the plaintiff moved for an order of reference and to amend the complaint "to remove any language seeking deficiency." H & P and the Estate of Armando G. Blasse, Sr. (hereinafter the Estate), cross-moved for leave for the Estate to intervene as a necessary defendant. In an order dated January 16, 2018, the Supreme Court granted the plaintiff's motion for an order of reference and to amend the complaint "to remove any language regarding Plaintiff seeking a deficiency." In an order dated June 1, 2018, the court denied the cross motion, ruling that Blasse was not a necessary party.
The plaintiff then moved for a judgment of foreclosure and sale. In an order dated January 9, 2019, the Supreme Court granted the motion, noting that "movant represents in his papers that he/it does not seek deficiency judgment." In a judgment of foreclosure and sale dated January 28, 2019, the court, inter alia, confirmed the report of the referee and directed the sale of the subject premises. The judgment of foreclosure and sale also contained a paragraph awarding a deficiency judgment against Blasse. H & P and the Estate appeal.
The appellants' cross motion for leave for the Estate to intervene was properly denied. Although the Supreme Court had previously ruled that "the Estate of Armondo D. Blasse, Sr. is in fact, a necessary party to this action," that ruling was not binding under the later procedural posture of the case. "The rule is that a mortgagor who has made an absolute conveyance of all his [or her] interest in the mortgaged premises, including his [or her] equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought on his [or her] bond" (Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805; see Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657, 658). Here, Blasse conveyed all of the interest in the subject property prior to his death, and prior to the commencement of the instant action. Moreover, the plaintiff moved to amend the complaint to remove any language seeking a deficiency, and the court granted that motion.
However, "the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record inasmuch as the computation was premised upon unproduced business records" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Thus, the judgment of foreclosure and sale must be reversed, the referee's report rejected, and the matter remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
We note that it was error for the Supreme Court to include language awarding a deficiency judgment against Blasse in the judgment of foreclosure and sale, since the plaintiff explicitly withdrew any claim to such relief.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court