JPMorgan Chase Bank, N.A. v Joseph (2021 NY Slip Op 02141)





JPMorgan Chase Bank, N.A. v Joseph


2021 NY Slip Op 02141


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-11225
 (Index No. 6139/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Enid Joseph, et al., defendants, LP Management Services Corp., appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant LP Management Services Corp. appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated June 20, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant LP Management Services Corp., to discontinue the action insofar as asserted against the defendant Enid Joseph pursuant to CPLR 3217(b), and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The background facts as to this action are set forth in this Court's decision and order in a related appeal (JPMorgan Chase Bank, N.A. v Joseph, ___ AD3d ___ [Appellate Division Docket No. 2017-12040; decided herewith]).
On September 6, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant LP Management Services Corp. (hereinafter LP), to discontinue the action insofar as asserted against the defendant Enid Joseph pursuant to CPLR 3217(b) as she was not a necessary party, and for an order of reference. In support of its motion, the plaintiff stated that it was not seeking a deficiency judgment against Joseph. In opposition, LP argued that the complaint should be dismissed insofar as asserted against Joseph due to Joseph's death prior to the commencement of this action and her status as a necessary party.
The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against LP, to discontinue the action insofar as asserted against Joseph, and for an order of reference. LP appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against LP, and for an order of reference. As determined in the related appeal (JPMorgan Chase Bank, National Association v Joseph, ___ AD3d ____), the plaintiff established that it had standing to commence this action and had complied with the conditions precedent to commencing this foreclosure action.
The Supreme Court properly granted that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against Joseph pursuant to CPLR 3217(b) on the ground that she was not a necessary party. "The rule is that a mortgagor who has made an absolute conveyance of all his [or her] interest in the mortgaged premises, including his [or her] equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought on his [or her] bond" (Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805; see Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657, 658; see also RPAPL 1311[1]; CPLR 1001). Here, Joseph died prior to the commencement of the action, and the plaintiff does not seek a deficiency judgment against her estate. Moreover, a deed showed that the subject property belonged to LP, not to Joseph. Thus, neither Joseph nor her estate is a necessary party.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court