■ DLJ Mortgage Capital, Inc., Respondent, v 44 Brushy Neck, Ltd., Appellant, et al., Defendants. [859 NYS2d 221]—

In an action to foreclose a mortgage, the defendant 44 Brushy Neck, Ltd., appeals, as limited by its brief (1) from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 11, 2006, as granted the plaintiff's motion for summary judgment on the complaint, granted the plaintiff's application to discontinue the action insofar as asserted against

the defendant Walter E. Guldi by virtue of his death during the pendency of the action, and denied its cross application to stay the action pending the substitution of the representative of the estate of the defendant Walter E. Guldi, (2) from so much of a judgment of the same court dated October 11, 2006, as, upon the order dated October 11, 2006, and upon confirming the report of a referee finding that the sum of $1,494,848.61 was due upon a mortgage and promissory note, is in favor of the plaintiff and against it directing a sale of the subject property, and (3) from so much of an order of the same court dated March 16, 2007, as denied that branch of its motion which was, in effect, pursuant to CPLR 5015 (a) (3) to vacate the judgment based upon the plaintiff's misrepresentation of its capacity to commence the action.

Ordered that the appeal from the order dated October 11, 2006 is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the name Walter E. Guldi from the caption thereof; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 16, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated October 11, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated October 11, 2006, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly permitted the plaintiff to discontinue the action against the mortgagor, who died during the pendency of the action. As a general rule, if a cause of action survives the death of a party, such death divests the court of jurisdiction until a duly appointed personal representative is substituted for the deceased party (*see Matter of Einstoss*, 26 NY2d 181, 189 [1970]). Nevertheless, "where a party's demise does not affect the merits of a case . . . there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (*Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]; *see Alaska Seaboard Partners Ltd. Partnership v Grant*, 20 AD3d 436, 437 [2005]).

In the instant case, after receiving notice of the mortgagor's death, the plaintiff elected to waive its right to seek a deficiency

judgment against the mortgagor and chose to discontinue the action against him. The rule is that a mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises, including his equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought (*see Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d 805 [1981]). In a deed recorded in June 2004 the deceased mortgagor duly conveyed all his interest in the subject property to the appellant. Therefore, inasmuch as the plaintiff elected not to seek a deficiency judgment, it was entitled to discontinue the action against the mortgagor and to remove his name from the caption of the action.

The amended caption set forth in the judgment of foreclosure and sale erroneously included the deceased mortgagor's name, despite the directive contained in the order dated October 11, 2006 that the name be deleted. We therefore modify the judgment to conform the caption to the order dated October 11, 2006 (*see* CPLR 5019 [a]; *Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *Green v Morris*, 156 AD2d 331 [1989]; *Young v Casabonne Bros.*, 145 AD2d 244, 248 [1989]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]).

The appellant's remaining contention is without merit. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.