■ HSBC Bank USA, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates, Series 2006-AF2, Respondent, v Ungar Family Realty Corp., Appellant, et al., Defendants. [974 NYS2d 583]—

In an action to foreclose a mortgage, the defendant Ungar Family Realty Corp. appeals, as limited by its brief, from so much of an amended order of the Supreme Court, Rockland County (Alfieri, J.), entered January 17, 2012, as granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against it and to discontinue the action as against Jakab Ungar, and denied its cross motion to dismiss the complaint insofar as asserted against it or, in the alternative, to stay all proceedings in the action pending appointment of an administrator for the estate of Jakab Ungar.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

On this appeal, the defendant Ungar Family Realty Corp. (hereinafter UFRC) contends that the Supreme Court erred in granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against it and to discontinue the action as against Jakab Ungar, and denying its cross motion to dismiss the complaint insofar as asserted against it or, in the alternative, to stay all proceedings in the action pending appointment of a personal representative for the estate of Ungar.

UFRC contends that Ungar, who was the signer of the subject note and mortgage, was a necessary party to the action and that the action was a nullity inasmuch as he died before the action was commenced. Normally, "[a] party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate" (*Jordan v City of New York*, 23 AD3d 436, 437 [2005]). When a party's death does not affect the merits of a case, however, "there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (*Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]; *see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d 857, 858 [2008]; *cf. Marte v Graber*, 58 AD3d 1, 2 [2008]). Here, since Ungar had made an absolute conveyance of all his interest in the mortgaged premises to UFRC, including his equity of redemption, and af-

ter learning of his death, the plaintiff elected not to seek a deficiency judgment against him, Ungar was not a necessary party (*see Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d 805, 805 [1981]). Accordingly, the Supreme Court properly, inter alia, granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against it and to discontinue the action as against Ungar, and denied its cross motion to dismiss the complaint insofar as asserted against it or, in the alternative, to stay all proceedings in the action pending appointment of an administrator for the estate of Ungar (*see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d at 858-859; *Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d at 805; *cf. Marte v Graber*, 58 AD3d at 2). Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.