■ WELLS FARGO BANK, N.A., Respondent, v LAURENCE R. BACHMANN, Appellant, et al., Defendants. [43 NYS3d 107]—

In an action to foreclose a mortgage, the defendant Laurence R. Bachmann appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 20, 2015, which (a) denied his motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered March 19, 2008, upon his and the defendant Catherine E. Schmitt's failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Catherine E. Schmitt for lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 1015 (a) to stay all proceedings in the action pending the substitution of a representative for the estate of Catherine E. Schmitt, and (b), sua sponte, discontinued the action insofar as asserted against the defendant Catherine E. Schmitt and, in effect, vacated the judgment of foreclosure and sale insofar as entered against that defendant.

Ordered that the appeal from so much of the order as, sua sponte, discontinued the action insofar as asserted against the defendant Catherine E. Schmitt and, in effect, vacated the judgment of foreclosure and sale insofar as entered against that defendant is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's predecessor-in-interest commenced this action to foreclose a mortgage executed by the defendants Laurence R. Bachmann and Catherine E. Schmitt against their residential property located in Oceanside. Bachmann and Schmitt owned the property as joint tenants with right of survivorship. Neither Bachmann nor Schmitt answered the complaint, and a judgment of foreclosure and sale was entered on March 19, 2008. That judgment included a provision authorizing a deficiency judgment against both Bachmann and Schmitt.

On February 12, 2011, Schmitt died, leaving Bachmann with the sole ownership interest in the property.

In June 2014, shortly before a foreclosure sale was scheduled to take place, Bachmann moved, in effect, pursuant to CPLR 5015 (a) (4) to vacate the entire judgment of foreclosure and sale and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Schmitt for lack of personal jurisdiction, arguing that Schmitt had not been properly served with process at the time that the action was commenced. In the alternative, Bachmann sought to stay all proceedings in the action pursuant to CPLR 1015 (a) pending the substitution of a representative for Schmitt's estate. The plaintiff's predecessor-in-interest opposed the motion, and stated that it would consent to discontinue the action insofar as asserted against Schmitt.

The Supreme Court denied Bachmann's motion, and, noting that the plaintiff's predecessor-in-interest consented to the discontinuance of the action insofar as asserted against Schmitt, discontinued the action insofar as asserted against Schmitt and, in effect, vacated the judgment of foreclosure and sale insofar as entered against her. Bachmann appeals.

Bachmann argues that the Supreme Court erred in, sua sponte, discontinuing the action insofar as asserted against Schmitt and, in effect, vacating the judgment of foreclosure and sale insofar as entered against her. Bachmann, however, is not aggrieved by the discontinuance of the action insofar as asserted against Schmitt and the vacatur of the judgment insofar as entered against her (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). Moreover, no appeal lies as of right from that part of an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal from so much of the order as discontinued the action insofar as asserted against Schmitt and, in effect, vacated the judgment insofar as entered against her (*see* CPLR 5701 [c]). Accordingly, Bachmann's appeal from that portion of the order must be dismissed (*see Garcia v Eurobungy USA*, 120 AD3d 623, 624 [2014]).

Bachmann contends that the judgment of foreclosure and sale should be vacated insofar as asserted against him because he is an "interested party" who, pursuant to CPLR 5015 (a) (4), is entitled to seek vacatur of the judgment of foreclosure and sale based on the alleged failure to properly serve Schmitt with process. He also argues that, just as he took title to the property upon the death of the deceased joint tenant, Schmitt, he acquired the right to assert any defense to the action that

could have been asserted by Schmitt. His contentions are without merit. The fact that the Supreme Court might have lacked jurisdiction over one of multiple defendants does not, by itself, warrant vacatur of an otherwise valid judgment insofar as that judgment is against other defendants since the defense of lack of jurisdiction based on improper service " 'is personal in nature and may only be raised by the party improperly served' " (*IMC Mtge. Co. v Vetere*, 142 AD3d 954, 955 [2016], quoting *NYCTL 1996-1 Trust v King*, 13 AD3d 429, 430 [2004]; *see* CPLR 5015 [a] [4]; *Wells Fargo Bank, N.A. v Bowie*, 89 AD3d 931 [2011]; *Home Sav. of Am. v Gkanios*, 233 AD2d 422 [1996]).

Furthermore, the Supreme Court properly denied that branch of Bachmann's motion which was to stay all proceedings in the action. Upon Schmitt's death, Bachmann automatically inherited her ownership interest in the property (*see Trotta v Ollivier*, 91 AD3d 8, 12 [2011]; *Goetz v Slobey*, 76 AD3d 954, 956 [2010]). Also, by consenting to the post-judgment, but pre-judicial sale, discontinuance of the action insofar as asserted against Schmitt, the plaintiff, in effect, elected not to seek a deficiency judgment against Schmitt's estate (*see U.S. Bank N.A. v Esses*, 132 AD3d 847, 848 [2015]; *cf. Aurora Bank FSB v Albright*, 137 AD3d 1177 [2016]). Thus, by virtue of the absolute conveyance of the property from Schmitt to Bachman, upon Schmitt's death, and the plaintiff's waiver of its right to seek a deficiency judgment against Schmitt or her estate, strict adherence to the requirement that the proceedings be stayed pending substitution was not necessary, since Schmitt's death did not affect the merits of this case (*see generally HSBC Bank USA v Ungar Family Realty Corp.*, 111 AD3d 673 [2013]; *Waterfall Victoria Master Fund, Ltd v Dingilian*, 92 AD3d 593 [2012]; *DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd.*, 51 AD3d 857, 858 [2008]).

Bachmann's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of Bachmann's motion which were, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale insofar as asserted against him, or, in the alternative, pursuant to CPLR 1015 (a) to stay all proceedings in the action pending the substitution of a representative for Schmitt's estate. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.