Wells Fargo Bank, NA v Emma (2018 NY Slip Op 03728)





Wells Fargo Bank, NA v Emma


2018 NY Slip Op 03728


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-04724
 (Index No. 131211/13)

[*1]Wells Fargo Bank, NA, appellant, 
v
Leonard Emma, etc., respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Brent Surgeoner and Ellis M. Oster, Sr., of counsel), for appellant.
David M. Harrison, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated September 3, 2015. The order denied the plaintiff's motion to vacate a stay of the action and for leave to enter a default judgment and an order of reference.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to vacate a stay of the action and for leave to enter a default judgment and an order of reference is granted.
On August 23, 2002, Mary Emma, now deceased (hereinafter the decedent), executed a consolidated note and mortgage on real property located in Staten Island (hereinafter the property) in favor of nonparty Washington Mutual Bank, FA. In January 2006, the decedent transferred title to the property to her son, the defendant Leonard Emma (hereinafter the defendant). On February 18, 2007, the decedent passed away. On December 24, 2013, the plaintiff commenced this action to foreclose the consolidated mortgage against, among others, the defendant, alleging that the plaintiff was the holder of the consolidated note and mortgage. Thereafter, the plaintiff moved to vacate a stay, which was imposed by the Supreme Court due to the death of the decedent, and for leave to enter a default judgment and an order of reference. In an order dated September 3, 2015, the court denied the plaintiff's motion. The plaintiff appeals from the order.
Pursuant to CPLR 1015(a), "[i]f a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (emphasis added). "Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" (Neuman v Neumann, 85 AD3d 1138, 1139). Here, the decedent's death did not divest the court of jurisdiction and warrant the imposition of a stay, since the decedent is not a party in this action (see Sample v Temkin, 87 AD3d 686, 687-688). Moreover, since the decedent made an absolute conveyance of all her interest in the property to the defendant and the plaintiff elected not to seek a deficiency judgment against the decedent's estate, the decedent was not a necessary party to the action (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673). Accordingly, the Supreme Court should have granted that [*2]branch of the plaintiff's motion which was to vacate the stay.
Furthermore, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment and an order of reference. The plaintiff submitted, inter alia, the consolidated mortgage and note, the complaint setting forth the facts establishing the claim, including that the plaintiff was the holder of the consolidated note and mortgage, and an affidavit attesting to the default, and the defendant did not appear or answer within the time allowed (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858-859; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816). Further, by failing to answer the complaint or to make a pre-answer motion to dismiss the complaint, the defendant waived the defense of lack of standing (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942; US Bank N.A. v Singer, 145 AD3d 1057, 1059).
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court