U.S. Bank N.A. v Spence (2019 NY Slip Op 04294)





U.S. Bank N.A. v Spence


2019 NY Slip Op 04294


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9501 381054/07

[*1]U.S. Bank National Association, etc., Plaintiff-Appellant,
v
Lascell Spence also known as Lacell A. Spence, Defendant-Respondent, Federal National Mortgage Association, et al., Defendants.


Parker Ibrahim & Berg LLP, New York (Anthony Del Guercio of counsel), for appellant.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about February 21, 2017, which granted the Estate of Novlett Spence and defendant Lascell Spence's motion to vacate a judgment of foreclosure and sale, entered June 15, 2016, vacated an "Order Vacating Order of Reference and Granting Second Order of Reference," entered June 10, 2015, stayed the sale of the subject property until further order of the court, and ordered that a substitution for decedent Novlett Spence be made a party to the action, unanimously affirmed, with costs.
In a mortgage foreclosure action, a decedent who executed a note and mortgage on real property is not a necessary party if the decedent made an absolute conveyance of all of her interest in the property and if the plaintiff does not seek a deficiency judgment against the decedent's estate (see Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132 [2d Dept 2018]; Countrywide Home Loans, Inc. v Keys, 27 AD3d 247, 247 [1st Dept 2006], lv denied 7 NY3d 702 [2006]; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674 [2d Dept 2013]; Waterfall Victoria Master Fund, Ltd v Dingilian, 92 AD3d 593, 594 [1st Dept 2012]).
Here, the judgment of foreclosure and sale contains language providing for a potential deficiency judgment against the decedent if the sale of the property did not cover the amount due to plaintiff. Accordingly, the motion to vacate was properly granted (see U.S. Bank N.A. v Esses, 132 AD3d 847, 848 [2d Dept 2015]; cf. Waterfall Victoria Master Fund at 594; Countrywide Home Loans at 247).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK