U.S. Bank N.A. v Auteri (2021 NY Slip Op 00588)





U.S. Bank N.A. v Auteri


2021 NY Slip Op 00588


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-14039
 (Index No. 130684/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Thomas Auteri, etc., et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis Oster, Austin T. Shufelt, and Alex Cameron of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated August 21, 2017. The order, insofar as appealed from, denied the plaintiff's unopposed motion to vacate a stay arising from the death of the defendant Thomas Auteri, also known as Thomas J. Auteri, to discontinue the action insofar as asserted against that defendant and to remove his name from the caption, and for leave to enter a default judgment against the remaining defendants and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's motion to vacate a stay arising from the death of the defendant Thomas Auteri, also known as Thomas J. Auteri, to discontinue the action insofar as asserted against that defendant and to remove his name from the caption, and for leave to enter a default judgment against the remaining defendants and for an order of reference is granted.
On November 18, 2005, the defendants Thomas Auteri, also known as Thomas J. Auteri (hereinafter Thomas) and Judy Auteri (hereinafter Judy; hereinafter together the Auteris), executed a promissory note in the amount of $557,000 in favor of the plaintiff's predecessor in interest. As security for the note, the Auteris executed a mortgage encumbering certain residential real property located in Staten Island. According to a May 12, 2003 deed, the property was owned by "Thomas Auteri and Judy Auteri, his wife."
In June 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the Auteris had failed to make the required monthly installment payment due on February 1, 2008, or any payments thereafter. The defendants failed to answer the complaint. Thomas died on April 27, 2015, and the action was stayed.
In October 2016, the plaintiff moved, inter alia, to vacate the stay, to discontinue the action insofar as asserted against Thomas and to remove his name from the caption, and for leave to enter a default judgment against the remaining defendants and for an order of reference. The Supreme Court denied the unopposed motion. The plaintiff appeals, and we reverse.
The Supreme Court should have denied those branches of the plaintiff's motion which were to discontinue the action against Thomas, who died during the pendency of the action, and to vacate the stay. As a general rule, if a cause of action survives the death of a party, such death divests the court of jurisdiction until a duly appointed personal representative is substituted for the [*2]deceased party (see Matter of Einstoss, 26 NY2d 181, 189). Nevertheless, "'where a party's demise does not affect the merits of a case . . . there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution'" (DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 858, quoting Bova v Vinciguerra, 139 AD2d 797, 799).
Here, the plaintiff's submission of the deed and Thomas's death certificate established prima facie that Thomas and Judy had held the subject property as a married couple, and that they remained married at the time of his death. Therefore, Thomas's death "result[ed] in the defeasance of the deceased spouse's coextensive interest in the property" (V.R.W., Inc. v Klein, 68 NY2d 560, 564), and the surviving spouse automatically inherited his ownership interest in the property. Moreover, the plaintiff explicitly provided that it would not seek a deficiency judgment against Thomas's estate (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857). Based upon the foregoing, the plaintiff established that Thomas's estate was not a necessary party to foreclosure and the plaintiff was entitled to discontinue the action against Thomas, remove his name from the caption, and to vacate the stay which arose upon Thomas's death (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673; DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805).
As to those branches of the plaintiff's motion which were for leave to enter a default judgment against the remaining defendants and for an order of reference, the plaintiff submitted proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the remaining defendants' failure to answer or appear (see CPLR 3215[f]; RPAPL 1321; Wells Fargo Bank, N.A. v Halberstam, 166 AD3d 710, 711), to which no opposition was proffered. Therefore, the plaintiff is entitled to enter a default judgment against the remaining defendants and an order of reference.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court