Wells Fargo Bank, N.A. v Dhanani (2022 NY Slip Op 00461)





Wells Fargo Bank, N.A. v Dhanani


2022 NY Slip Op 00461


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-07620
 (Index No. 708463/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Zikar Dhanani, et al., defendants, TZ Dhanani, appellant.


Alexander Krul, Jericho, NY, for appellant.
Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Maragarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant TZ Dhanani appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 29, 2019. The order denied that defendant's motion to vacate an order of reference of the same court dated September 22, 2017, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 11, 2018, and to dismiss the complaint insofar as asserted against him, on the ground that the defendant Zikar Dhanani had died before the action was commenced, and, sua sponte, discontinued the action insofar as asserted against the defendant Zikar Dhanani.
ORDERED that the appeal from so much of the order as, sua sponte, discontinued the action insofar as asserted against the defendant Zikar Dhanani is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]) and leave to appeal has not been granted, and the defendant TZ Dhanani is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant TZ Dhanani which was to vacate the order and judgment of foreclosure and sale is dismissed as academic in light of our determination of the appeals in Wells Fargo Bank, N.A. v Dhanani (___ AD3d ___ [Appellate Division Docket No. 2018-10963; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The background facts relevant to this matter are set forth in our decision and order on related appeals (see Wells Fargo Bank, N.A. v Dhanani, ___ AD3d ___ [Appellate Division Docket No. 2018-10963; decided herewith]). Following the entry of the order and judgment of foreclosure and sale on May 11, 2018, the defendant TZ Dhanani (hereinafter the defendant) moved to vacate the order of reference dated September 22, 2017, and the order and judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him, on the ground that his father, the defendant Zikar Dhanani, had died 11 years before the action was commenced. In support, the defendant submitted Zikar's death certificate, showing that Zikar had died on July 3, 2003. In [*2]opposition, the plaintiff submitted a deed dated July 12, 2003, conveying Zikar's interest in the property to the defendant. The defendant asserted in reply that the date on the deed was a mistake.
In an order entered May 29, 2019, the Supreme Court denied the defendant's motion on the ground that the defendant, "along with . . . other defendants, deliberately failed to notify plaintiff of defendant Zikar Dhanani's death" and that the defendant "knowingly appeared, [a]nswered and even appealed [sic] on behalf of the deceased defendant." The defendant appeals.
An action commenced against a deceased defendant is a nullity only insofar as asserted against that defendant, not insofar as asserted against other defendants (see Rocha v Figueiredo, 50 AD3d 876). Here, the Supreme Court discontinued the action insofar as asserted against Zikar, and therefore, in effect, discontinued the cause of action for a deficiency judgment asserted against him. Further, so much of the order and judgment of foreclosure and sale as is against Zikar has been vacated in our decision and order on the related appeals (see Wells Fargo Bank, N.A. v Dhanani, ___ AD3d ___ [Appellate Division Docket No. 2018-10963; decided herewith]). Therefore, the cause of action for a deficiency judgment is not before this Court. Further, the defendant was not an obligor on the note, and therefore, could not be liable for a deficiency judgment (see Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657, 659).
The defendant failed to establish as a matter of law that he had no interest in the subject property and was not a proper defendant in the instant action to foreclose the equity of redemption of that property (see HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674). Accordingly, those branches of the defendant's motion which were to vacate the order of reference and to dismiss the complaint insofar as asserted against him were properly denied.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court