HSBC Bank USA, N.A. v Cruz (2022 NY Slip Op 01014)





HSBC Bank USA, N.A. v Cruz


2022 NY Slip Op 01014


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-12206
 (Index No. 2624/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Jorge A. Cruz, et al., defendants, 342 58 Street RE, LLC, appellant.


Goldberg Weg & Markus, PLLC, New York, NY (Efrem Schwalb of counsel), for appellant.
Gross Polowy LLC (Reed Smith LLP, New York, NY [Brenda Beauchamp Ward], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 342 58 Street RE, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 10, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated January 18, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 342 58 Street RE, LLC, and for an order of reference, and an order of the same court, also dated January 18, 2018, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, inter alia, granted those branches of plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In November 2005, the defendant Jorge A. Cruz executed a note in favor of nonparty Freemont Investment & Loan (hereinafter Freemont), in the sum of $480,000, which was secured by a mortgage on real property located in Brooklyn (hereinafter the subject premises). Cruz defaulted on the loan by failing to make the monthly payments due on January 1, 2008, and thereafter. By assignment of mortgage dated February 21, 2008, the mortgage was assigned to the plaintiff. In 2012, Cruz transferred title to the subject premises to the defendant 342 58 Street RE, LLC (hereinafter 342 58 Street).
In February 2013, the plaintiff commenced this foreclosure action. Thereafter, the plaintiff amended the complaint, adding 342 58 Street as a defendant. 342 58 Street interposed an answer, asserting several affirmative defenses, including lack of standing.
The plaintiff subsequently moved, inter alia, for summary judgment on its complaint insofar as asserted against 342 58 Street and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. In April 2018, the plaintiff moved, inter alia, to confirm the referee's [*2]report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated July 10, 2018, the court, among other things, granted those branches of the plaintiff's motion, and directed the sale of the subject premises. 342 58 Street appeals.
The Supreme Court properly determined that the plaintiff established, prima facie, that it had standing to commence this action "by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced" (HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 658; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). Contrary to 342 58 Street's contention, "[w]here the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (HSBC Bank USA, N.A. v Desir, 188 AD3d at 658 [internal quotation marks omitted]; see U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091).
Relying on the plaintiff's moving affidavit in which, according to 342 58 Street, the affiant averred that the note was delivered to the plaintiff in 2009, 342 58 Street argues that the 2009 delivery date, coupled with its submission which established that Freemont filed for Chapter 11 bankruptcy in 2008, creates a triable issue of fact with regard to the plaintiff's standing, as Freemont could not deliver the note to the plaintiff after it filed its bankruptcy petition. However, the affiant did not aver that the note was delivered to the plaintiff in 2009, but rather, that the plaintiff "had possession of the Promissory Note on February 19, 2009." Thus, the timing of Freemont's 2008 bankruptcy filing does not raise a triable issue of fact with regard to the plaintiff's standing to foreclose.
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court