U.S. Bank N.A. v Gotterup (2022 NY Slip Op 01831)





U.S. Bank N.A. v Gotterup


2022 NY Slip Op 01831


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-04765
 (Index No. 610966/17)

[*1]U.S. Bank National Association, etc., respondent,
v
David Gotterup, et al., defendants; Windward Bora, LLC, nonparty-appellant.


Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Windward Bora, LLC, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 19, 2018. The order denied the motion of nonparty Windward Bora, LLC, pursuant to CPLR 3211(a)(8) and (10) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant David Gotterup executed a note dated July 21, 2006, in the principal sum of $510,000, secured by a mortgage on real property located in Oceanside. In October 2017, the plaintiff commenced this action to foreclose the mortgage. The complaint identified the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as a subordinate mortgagee. In December 2017, nonparty Windward Bora, LLC (hereinafter Windward), filed an answer with counterclaims, alleging that it was the successor in interest to MERS. Windward thereafter moved to dismiss the complaint pursuant to CPLR 3211(a)(8) on the basis that Gotterup was not properly served with the summons and complaint and pursuant to CPLR 3211(a)(10) on the basis that the case could not proceed without Gotterup as he was a necessary party. In an order entered December 19, 2018, the Supreme Court denied Windward's motion on the ground that the movant failed to provide the court with proof of service of the motion on the plaintiff and all appearing parties as required by CPLR 2214. We affirm, albeit on other grounds.
The plaintiff concedes that Windward's motion was properly served. However, Windward lacked standing to challenge whether Gotterup was properly served with process, since such a claim is personal in nature and may only be raised by the party allegedly improperly served (see Rhoe v Reid, 166 AD3d 919, 922; Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714).
Accordingly, the Supreme Court properly denied Windward's motion.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court