U.S. Bank Trust, N.A. v Casey (2022 NY Slip Op 02450)

U.S. Bank Trust, N.A. v Casey

2022 NY Slip Op 02450

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-02508
2019-07646
 (Index No. 610063/16)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Kevin Casey, appellant, et al., defendants.

Kevin Casey, Brightwaters, NY, appellant pro se.
Day Pitney LLP, New York, NY (Christina A. Livorsi, Richard J. Galati, Jr., and Michael Fialkoff of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kevin Casey appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, J.), dated December 21, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered May 29, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kevin Casey, to strike his answer, and for an order of reference. The order and judgment of foreclosure and sale, upon the order, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248, 347). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In January 2005, Kevin Casey (hereinafter the defendant) and Cynthia Casey executed a note in the amount of $436,000 in favor of Washington Mutual Bank, FA, the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property located in Brightwaters.
In July 2016, the plaintiff commenced this foreclosure action. The defendant interposed an answer asserting several affirmative defenses, including lack of standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against [*2]the defendant, to strike his answer, and for an order of reference. The Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
In April 2019, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale entered May 29, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion for summary judgment a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see HSBC Bank USA, N.A. v Cruz, 202 AD3d 943, 944-945; Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011; Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 671; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). In opposition, the defendant failed to raise a triable issue of fact with regard to the plaintiff's standing to foreclose (see U.S. Bank N.A. v Lent, 193 AD3d 1098, 1099).
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court (see Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1006).
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court