Citibank, N.A. v Herman (2023 NY Slip Op 01774)

Citibank, N.A. v Herman

2023 NY Slip Op 01774

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-07567
 (Index No. 608313/15)

[*1]Citibank, N.A., etc., respondent, 
v
Barbara Herman, appellant, et al., defendants.

Abrams Fensterman, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barbara Herman appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated May 15, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to strike the affirmative defenses of the defendant Barbara Herman alleging lack of standing and failure to comply with RPAPL 1304, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the affirmative defense of the defendant Barbara Herman alleging that the plaintiff failed to comply with RPAPL 1304, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Barbara Herman.
In 2009, the plaintiff commenced an action against, among others, the defendants Thomas Herman and Barbara Herman (hereinafter the defendant, and together with Thomas Herman, the Hermans) to foreclose a mortgage on certain residential property located in Patchogue. The Hermans moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. By order dated April 23, 2013, the Supreme Court, among other things, denied that branch of the motion. In a decision and order dated February 4, 2015, this Court reversed the order insofar as appealed from and, inter alia, granted that branch of the Hermans' motion which was for summary judgment dismissing the complaint insofar as asserted against them for lack of standing (see Citibank, N.A. v Herman, 125 AD3d 587).
Thereafter, in July 2015, the plaintiff commenced this second action against the Hermans, among others, to foreclose the mortgage. In an order dated February 26, 2016, the Supreme Court, inter alia, granted the plaintiff's cross-motion to discontinue the action against Thomas Herman, who had died prior to the commencement of the action. Thereafter, the defendant interposed an answer in which she asserted various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her, among other things, for lack of standing and failure to comply with RPAPL 1304. In an order dated May 15, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to strike the defendant's affirmative defenses alleging lack of standing and failure to comply with RPAPL 1304, and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, with leave to renew. The court determined that the plaintiff had failed to submit sufficient evidentiary proof of the alleged default in payment, but had established its standing and compliance with RPAPL 1304. In addition, the court denied the defendant's cross-motion. The defendant appeals.
Contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence this action by submitting a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see U.S. Bank Trust, N.A. v Casey, 204 AD3d 863; Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011-1012). In opposition to the plaintiff's prima facie showing as to its standing, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging lack of standing.
However, the Supreme Court should not have granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304. The plaintiff submitted an affidavit from Sherry Benight, an employee of Select Portfolio Servicing, Inc. (hereinafter SPS), as "attorney-in-fact for [the] plaintiff," along with a limited power of attorney executed by Wilmington Trust, National Association (hereinafter Wilmington), as "successor trustee to [the plaintiff]," authorizing SPS to act on behalf of Wilmington with respect to mortgage loans in the trust. However, a power of attorney executed by the plaintiff authorizing SPS to act on the plaintiff's behalf rather than its successor was not annexed to Benight's affidavit. Thus, the plaintiff failed to establish, prima facie, that SPS had authority to act on the plaintiff's behalf or that the documents annexed to Benight's affidavit constituted business records of the plaintiff or its authorized agent sufficient to establish the plaintiff's compliance with RPAPL 1304 (see US Bank N.A. v Cusati, 185 AD3d 870, 872; HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). In any event, even if the plaintiff had established that SPS was authorized to act on the plaintiff's behalf, neither Benight's affidavit nor the documents annexed to the affidavit established, prima facie, that the 90-day notice was mailed to the defendant in a separate envelope from any other mailing or notice, as required by RPAPL 1304(2) (see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; USBank N.A. v Haliotis, 185 AD3d 756, 759).
Nonetheless, the Supreme Court properly denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her, as the defendant failed to eliminate all triable issues of fact as to whether the plaintiff had standing to commence the action and as to whether the plaintiff complied with RPAPL 1304 (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; US Bank N.A. v Blake-Hovanec, 191 AD3d 821, 825-826). Moreover, the defendant failed to establish, prima facie, that the action should have been dismissed as a nullity on the ground that Thomas Herman, who died prior to the commencement of the action, was named as a defendant (see U.S. Bank N.A. v Auteri, 191 AD3d 729, 730-731; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court