Federal Natl. Mtge. Assn. v Doodnauth (2025 NY Slip Op 00430)

Federal Natl. Mtge. Assn. v Doodnauth

2025 NY Slip Op 00430

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-05972
 (Index No. 15978/10)

[*1]Federal National Mortgage Association, respondent,
v
Indira Doodnauth, etc., appellant, et al., defendants.

Christopher Thompson (McKinley Law, P.C., Lloyd Harbor, NY [Shannon Cody McKinley], of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Indira Doodnauth appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated June 16, 2022. The order, insofar as appealed from, denied those branches of the motion of that defendant and nonparties Mangotree Real Estate Holdings, L.P., and Thomas J. Sauers, Inc., which were pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Denise F. Molia, J.) dated March 3, 2015, and an order and judgment of foreclosure and sale of the same court (Denise F. Molia, J.) dated July 10, 2017, both entered upon that defendant's failure to answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction.
ORDERED that the order dated June 16, 2022, is affirmed insofar as appealed from, with costs.
In May 2010, the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action against the defendant Indira Doodnauth (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Coram. The defendant failed to answer the complaint. Thereafter, by referee's deed dated November 11, 2011, a referee in an action to foreclose a common charge lien against the property conveyed the property to nonparties Mangotree Real Estate Holdings, L.P. (hereinafter Mangotree), and Thomas J. Sauers, Inc. (hereinafter Sauers). Subsequently, in this action, the Supreme Court issued an order dated March 3, 2015, granting JPMorgan's motion, inter alia, for an order of reference. Thereafter, the court issued an order and judgment of foreclosure and sale dated July 10, 2017, which, among other things, substituted the plaintiff for JPMorgan.
In November 2017, the defendant, Mangotree, and Sauers moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order dated March 3, 2015, and the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. In an order dated June 16, 2022, the Supreme Court, among other things, denied those branches of the motion. The defendant appeals.
Initially, contrary to the plaintiff's contention, in the absence of formal substitution, Sauers, as the defendant's successor in interest, is entitled to prosecute this appeal in the defendant's name (see id. § 1018; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575; B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 401-402; see also Khanal v Sheldon, 55 AD3d 684, 686).
Nevertheless, contrary to Sauers's contention, the Supreme Court properly denied those branches of the motion the defendant, Mangotree, and Sauers which were pursuant to CPLR 5015(a)(4) to vacate the order dated March 3, 2015, and the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. Sauers lacks standing to challenge whether the defendant was properly served with process, since such a claim is personal in nature and may only be raised by the party allegedly improperly served (see U.S. Bank N.A. v Gotterup, 203 AD3d 982, 983; Rhoe v Reid, 166 AD3d 919, 922; Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court