National City Mtge. Co. v Wercberger (2025 NY Slip Op 04490)

National City Mtge. Co. v Wercberger

2025 NY Slip Op 04490

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09916
 (Index No. 15409/07)

[*1]National City Mortgage Co., respondent, 
v
Joel Wercberger, et al., defendants; David Kaplan, nonparty-appellant.

New York Litigation Group, PLLC, Rochester, NY (Austin T. Shufelt and Rosenberg Fortuna & Latiman, LLP [Anthony Filosa], of counsel), for nonparty-appellant.
McGlinchey Stafford, PLLC, New York, NY (Aleksandr Altshuler and Mikelle V. Bliss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty David Kaplan appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 19, 2023. The order denied the motion of nonparty David Kaplan pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Mark I. Partnow, J.) dated February 26, 2020, and an order and judgment of foreclosure and sale (one paper) of the same court (Lawrence Knipel, J.) dated November 4, 2022, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Joel Wercberger for lack of personal jurisdiction.
ORDERED that the appeal from so much of the order dated October 19, 2023, as denied that branch of the motion of nonparty David Kaplan which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale is dismissed as academic; and it is further,
ORDERED that the order dated October 19, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2007, the plaintiff commenced this action against the defendant Joel Wercberger, among others, to foreclose a mortgage on certain real property located in Brooklyn. Ultimately, on March 2, 2010, title to the property was transferred to nonparty David Kaplan.
In an order dated February 26, 2020, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. In an order and judgment of foreclosure and sale dated November 4, 2022, the court granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. In October 2023, Kaplan moved pursuant to CPLR 5015(a)(4) to vacate the order dated February 26, 2020, and the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Wercberger for lack of personal jurisdiction, arguing that Wercberger had not been properly served with process at the time the action [*2]was commenced. In an order dated October 19, 2023, the court denied Kaplan's motion. Kaplan appeals.
As the order and judgment of foreclosure and sale has been reversed upon our determination of a related appeal (see National City Mtge. Co. v Wercberger, ___ AD3d ___ [Appellate Division Docket No. 2023-00372; decided herewith]), the appeal from so much of the order dated October 19, 2023, as denied that branch of Kaplan's motion which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale must be dismissed as academic.
The Supreme Court properly denied that branch of Kaplan's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Wercberger for lack of personal jurisdiction. Kaplan, who took the property subject to a valid notice of pendency, and therefore had notice of this action, lacks standing to challenge whether Wercberger was properly served with process, since, in a mortgage foreclosure action, such a claim is personal in nature and may only be raised by the party allegedly improperly served (see Federal Natl. Mtge. Assn. v Doodnauth, 234 AD3d 936, 938; U.S. Bank N.A. v Gotterup, 203 AD3d 982, 983; NYCTL 1996-1 Trust v King, 13 AD3d 479; 3 Bergman on New York Mortgage Foreclosures § 23.45).
Kaplan's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court