Citimortgage, Inc. v Fimbel (2025 NY Slip Op 06600)

Citimortgage, Inc. v Fimbel

2025 NY Slip Op 06600

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-07770
 (Index No. 614802/19)

[*1]Citimortgage, Inc., appellant, 
v
James Fimbel, etc., et al., defendants.

Roach & Lin, P.C., Syosset, NY (Hans H. Augustin of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated January 30, 2023. The order denied the plaintiff's unopposed motion, inter alia, for an order of reference, for leave to enter a default judgment against the defendant Janice Fimbel, to amend the caption to delete the name of the defendant James Fimbel, and, in effect, to discontinue the action insofar as asserted against the defendant James Fimbel.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination on the merits of the plaintiff's motion, inter alia, for an order of reference, for leave to enter a default judgment against the defendant Janice Fimbel, to amend the caption to delete the name of the defendant James Fimbel, and, in effect, to discontinue the action insofar as asserted against the defendant James Fimbel.
In July 2019, the plaintiff commenced this action against, among others, the defendants James Fimbel (hereinafter the decedent) and Janice Fimbel (hereinafter Janice) to foreclose a mortgage on certain real property located in Smithtown. In February 2020, the plaintiff rejected Janice's answer to the complaint as untimely. The decedent died in May 2020.
In October 2022, the plaintiff moved, inter alia, for an order of reference, for leave to enter a default judgment against Janice, to amend the caption to delete the name of the decedent, and, in effect, to discontinue the action insofar as asserted against the decedent.
In an order dated January 30, 2023, the Supreme Court denied the motion on the ground that the action was stayed due to the decedent's death. The plaintiff appeals.
"'Generally, the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent'" (Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777, quoting Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615). However, "where a party's demise does not affect the merits of the case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Paterno v CYC, LLC, 46 AD3d 788, 788; see Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616). "[A] mortgagor who has made an absolute conveyance of all his [or her] interest in the mortgaged premises . . . is not a necessary party to foreclosure, unless a [*2]deficiency judgment is sought" (DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859).
Here, the plaintiff established that, upon the decedent's death, Janice, "as a tenant by the entirety with her husband, remained seized of the entire ownership interest in the subject property" (Paterno v CYC, LLC, 46 AD3d at 789; see U.S. Bank N.A. v Auteri, 191 AD3d 729, 730-731). Moreover, by moving to amend the caption to delete the name of the decedent and, in effect, to discontinue the action insofar as asserted against him, the plaintiff, in effect, elected not to seek a deficiency judgment against the decedent's estate (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 714; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674).
By virtue of the absolute conveyance of the property from the decedent to Janice, and the plaintiff's waiver of its right to seek a deficiency judgment against the decedent or his estate, "strict adherence to the requirement that the proceedings be stayed pending substitution was not necessary" (Wells Fargo Bank, N.A. v Bachmann, 145 AD3d at 714; see HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d at 673-674).
Accordingly, the action should not have been stayed, and the Supreme Court should have reached the merits of the plaintiff's motion, among other things, for an order of reference, for leave to enter a default judgment against Janice, to amend the caption to delete the name of the decedent, and, in effect, to discontinue the action insofar as asserted against the decedent (see U.S. Bank N.A. v Auteri, 191 AD3d 729, 730-731).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court